**AEROGLASTICS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 77–1267.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 1979.

Elliott Moore, Janet C. McCaa, Deputy Associate General Counsel, Richard A. Cohen, N. L. R. B., Washington, D. C., Ber-

**456**

nard Levine, Director, Region 8, N. L. R. B., Cleveland, Ohio, for respondent.

Stephen E. Chappelear, Emens, Hurd, Kegler & Ritter, Columbus, Ohio, for petitioner.

Before MERRITT, MARTIN and JONES, Circuit Judges.

### ORDER

Petitioner, Aeroglastics, Inc., seeks to set aside an order of the National Labor Relations Board. The Board held, among other findings not questioned in this appeal, that Aeroglastics committed unfair labor practices by encouraging employees to establish a shop committee in an effort to undermine the union's organizational campaign, and by discharging three employees because of their union activities. We believe the findings are supported by substantial evidence and direct enforcement of the order. The decision below is found at 228 N.L.R.B. 1157 (1977).

■ In early October, 1975, indications of union organizational efforts by certain Aeroglastics' employees became apparent. The record discloses a number of incidents involving discussions between company management and employees participating in the union effort which clearly showed that the company disapproved of and even tried to discourage the organizational campaign. There was evidence that the company president approached one employee recommending he try to form an in-house committee. Further, three employees whom the evidence reveals were known by company management to be pro-union were laid off in November. They returned to the company on several occasions for the purpose of asking when they would be called back to work. Finally, on one of these visits they were informed they were being discharged for trespassing on company property. Their behavior on this last visit was not shown to have differed at all from their actions on the other visits.

■ We are required to affirm a factual finding of the Board if it is corroborated by substantial evidence when viewing the record as a whole. *N. L. R. B. v. Stemun Manufacturing Company*, 423 F.2d 737 (6th Cir. 1970). We find substantial evidence in this record to support the Board's decision.

Accordingly, the cross-motion of the Board for enforcement is granted.